IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SHANNON PINEDA | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-196 |
| WARDEN DOBBS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Shannon Pineda, proceeding *pro se*, brings this lawsuit pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Warden Dobbs, Captain Buckle, Officer Guidry and Officer Johnson.  This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

On January 31, 2022, Plaintiff's husband, Andrew Pineda, was incarcerated at the Federal Correctional Complex at Beaumont, Texas.  Plaintiff states that as a result of Defendants Guidry and Johnson and other correctional officers abandoning their posts, Mr. Pineda was stabbed to death by a fellow inmate.  Plaintiff states Defendants Dobbs and Buckle failed to ensure that officers did not abandon their posts.

Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss a complaint filed *in forma pauperis*f, if the complaint is:  (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  A complaint is subject to dismissal for failure to state a claim if the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Analysis

Plaintiff asserts the Defendants failed to protect Mr. Pineda from being assaulted. For the reasons set forth below, this claim may not be pursued in a *Bivens* action.

*"Disfavored Judicial Activity"*

The Supreme Court has stated that expanding causes of action under *Bivens* is "a 'disfavored' judicial activity." *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)). Separation-of-powers principles are central to the analysis of whether *Bivens* should be expanded. The question is whether Congress or the courts should authorize a damages lawsuit. *Abbasi*, 137 S. Ct. at 1857. Mindful of separation-of-powers interests, the Court developed a two-part test. *Id.* at 1859-60. First, a court must ask whether a plaintiff's claim falls into one of three existing *Bivens* causes of action. *Oliva v. Nivar*, 973 F.3d 438, 441 (5th Cir. 2020). Then, if a case does not fall into one of those causes of action, a court asks whether there are "special factors counseling hesitation" in extending the remedy available under *Bivens*. *Abbasi*, 137 S. Ct. at 1857. The special factors inquiry concentrates on "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1858. These factors include whether Congress has legislated on the right at issue. *Id.* "[I]f there is an alternative remedy structure present in a certain case," the existence of that process "alone may limit the power of the judiciary to infer a new *Bivens* cause of action." *Id.* Courts are to also consider separation-of-powers concerns. *Hernandez v. Mesa*, 885 F.3d 811, 818 (5th Cir. 2018) (*en banc*). "[T]he only relevant threshold–that a factor counsels hesitation–is remarkably low." *Id.* at 823.

The three existing *Bivens* causes of action are as follows:

> (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389-90, 91 S. Ct. at 1999; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman,* [442 U.S. 228 (1979)]; and (3) failure to provide medical attention to an asthmatic person in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, [446 U.S. 14 (1980)].

*Oliva*, 973 F.3d at 442. "Virtually everything else is a 'new context,'" *Id.* (quoting *Abbasi*, 137 S. Ct. at 1865), because the case needs only be "different in [one] meaningful way from previous

*Bivens* cases" for the "context [to be] new." *Abbasi*, 137 S. Ct. at 1859. "[E]ven a modest extension [of *Bivens*] is still an extension." *Abbasi*, 137 S. Ct. at 1864.

*Failure to Protect*

A failure to protect claim presents a new *Bivens* context. *Brooks v. Hankins*, No. 3:20cv599, 2022 WL 350726, at *2 (S.D. Miss. Jan. 14, 2022); *Dudley v. United States*, No. 4:19cv317, 2020 WL 532338, at *6 (N.D. Tex. Feb. 23, 2020). The claim is different in a meaningful way from the claims recognized in *Bivens, Davis* and *Carlson*. *Hoffman v. Preston*, No. 1:16cv1617, 2020 WL 58039, at *2 (E.D. Cal. Jan. 6, 2020); *Michelson v. Duncan*, 1:17cv50, 2018 WL 4474661, at *4 (W.D.N.C. Sept. 18, 2018). The Supreme Court has recognized only three *Bivens* contexts, none of which include a failure to protect claim. *Cannenier v. Skipper-Scott*, No. 18cv2383, 2019 WL 764795, at *5 (S.D.N.Y. Feb. 20, 2019).

As this claim presents a new *Bivens* context, it should be considered whether there are special factors counseling hesitation. The Prison Litigation Reform Act ("PLRA") counsels hesitation as Congress, when it had the opportunity to do so, failed to provide for a damages remedy against federal prison employees. *Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 685 (5th Cir. 2021). Further, separation of powers concerns counsel against extending *Bivens*. Extending *Bivens* to the type of claim presented here would risk improperly entangling courts in prison administration, a matter which is committed to the legislative and executive branches. *Butler v. Porter*, 999 F.3d 287, 295 (5th Cir. 2021).

The existence of even one special factor counseling hesitation requires that a court refrain from an expansion of *Bivens*. *Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020). Here, at least two factors counsel hesitation. As a result, special factors counseling hesitation prevent the conclusion that the remedy available under *Bivens* should be expanded to include a failure to protect claim.

Based on the foregoing, a failure to protect claim may not be brought pursuant to *Bivens*. While Mr. Pineda's death was tragic, Plaintiff has failed to state a claim upon which relief may be granted.

## Recommendation

This *Bivens* lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 27th day of February, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE